IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LILIAN ALLEN, ET AL.,  )
      Plaintiffs,  )
        ) Case No. 13 CV 5227
   v.  )
        ) Judge Robert M. Dow, Jr.
HERITAGE PLACE HOMEOWNERS  )
ASSOCIATION, ET AL.,  )
      Defendants.  )
        )

# ORDER

For the reasons set forth below, the Court grants Defendants' motion to dismiss [38] and denies Defendants' motion for sanctions [37]. This civil case is terminated.

# STATEMENT

On July 22, 2013, Plaintiffs Lillian Allen and Innocent Obi filed their initial complaint. Defendants Heritage Place Homeowners Association and Kovitz Shifrin Nesbit moved to dismiss, and Plaintiffs agreed to withdraw their initial complaint and file a first amended complaint. Defendants again moved to dismiss, and Plaintiffs again sought leave to file an amended complaint. On January 15, 2014, the Court gave Plaintiffs leave to file a second amended complaint. On March 20, 2014, Defendants moved to dismiss Plaintiffs' second amended complaint and also moved for sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiffs were given until May 13, 2014 to respond to Defendants' motions, but failed to do so.

Here, as with Plaintiffs' first and second complaints, Plaintiffs' second amended complaint is anything but a "short and plain statement." In fact, although the complaint contains 107 paragraphs, the substance of Plaintiffs' grievance is can be summed up as follows: Defendants improperly failed to name Plaintiffs in a state lawsuit and they were improperly evicted from the property located at 1133 E. 83d Street, Unit 123, Chicago, Illinois 60619. In other words, all of Plaintiffs' claims stem from their position that they should have been named as defendants in a state lawsuit and that their eviction from the 83rd Street property was not proper. Moreover, in their prayer for relief, Plaintiffs specifically seek to undermine a state court ruling and seek a determination that the "eviction of Allen and Obi from their home by Heritage and Kovitz was illegal and unjust" and that "Heritage and Kovitz did not sue Allen and Obi and such has [sic] no court order to evict them."

Defendants contend that Plaintiffs claims are barred under the *Rooker-Feldman* doctrine, because they impermissibly challenge the state court judgment and attempt to litigate in this lawsuit issues that should have been raised in the state court case. Pursuant to the *Rooker–*

*Feldman* doctrine, which takes its name from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983), lower federal courts such as this one do not have the authority to hear cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000); see also *Taylor v. Fed. Nat'l Mortgage Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) (finding that *Rooker–Feldman* barred the plaintiff from attacking state-court foreclosure judgment or seeking damages from the foreclosure of the property); *Aguilera v. Freedman, Anselmo, Lindberg & Rappe, LLC,* 2011 WL 2292302, at *5 (N.D. Ill. June 8, 2011) (finding that *Rooker–Feldman* barred the plaintiff from bringing federal claims attacking state-court judgment).

In the case at bar, Plaintiffs, one of whom is represented by counsel, have had three chances to articulate federal claims. While far from "short and plain statement[s]," Plaintiffs' three complaints make clear that they are attempting to re-litigate issues directly related to a mortgage foreclosure action. The Association was awarded possession of the 83rd Street property in the state lawsuit, which was filed in the Cook County Circuit Court, as Case Number 12 M1 712496. After losing in the Circuit Court, Plaintiffs appealed to the Illinois Appellate Court, First Judicial District, presenting substantially the same facts and arguments as in Plaintiffs' second amended complaint before this Court. The Illinois Appellate Court ultimately upheld the trial court's decision and dismissed Plaintiffs' appeal, citing Plaintiffs' failure to show that they have standing and criticizing Innocent Obi's "dubious claims of being a homeowner."

Despite the decisions of the trial court and state appellate court, Plaintiffs now seek to undermine the state rulings in this lawsuit. Plaintiffs explicitly seek a determination that their eviction was illegal and unjust, which would go against the award of possession of the property to the Association by the state courts. Moreover, the comprehensible parts of the second amended complaint make clear that Plaintiffs' claims in the second amended complaint are "inextricably intertwined" with the state court determinations in which Plaintiffs participated. See *Dawkins v. Deutsche Bank Nat. Trust Co.*, 2013 WL 5164570, at *4 (N.D. Ill. Sept. 12, 2013) ("Now that the mortgage foreclosure case in state court has concluded, this court does not have jurisdiction to 'undo' the outcome of that proceeding."). In other words, after the state courts rendered judgment against Plaintiffs, they filed this federal suit raising claims inextricably intertwined with that judgment and inviting review and rejection of that judgment. See, *e.g., Holt v. Lake Cty. Bd. of Com'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (noting that "absent the state court's judgment," plaintiff would have no injury); *Flowers v. Burton Wells, Ltd.*, 2002 WL 31307421, at *3 (N.D. Ill. Oct. 9, 2002) (explaining that if the plaintiff "had prevailed in state court and never become subject to eviction, he would not have been injured").

Plaintiffs cannot now circumvent the state court process by jumping to the federal district court. See *Byrd v. Homecomings Fin. Network,* 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (finding that *Rooker–Feldman* barred the plaintiff's claims asserting "that the foreclosure was improper for a laundry list of reasons, including [the defendant's] alleged violations of the

FDCPA [and other statutes]"). Because Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, the Court grants Defendants' motion to dismiss [37].

Defendants also have moved for sanctions pursuant to Federal Rule of Civil Procedure 11, highlighting the fact that they had to file three motions to dismiss. Although the Court concludes that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, Defendants' initial motions to dismiss were not particularly helpful and did not address the entirety of Plaintiffs' complaints. For instance, although Plaintiffs' first amended complaint articulated federal claims under the Fair Debt Collection Practices Act, Defendants did not even mention these claims in their second motion to dismiss. Rather, it was not until Defendants' third motion to dismiss that they were able to articulate the proper grounds for dismissal. Thus, while Defendants certainly have incurred legal fees in defending against this lawsuit, some of those fees were avoidable.

Moreover, the Seventh Circuit has "repeatedly emphasized that *pro se* [filings] are to be construed liberally, and should be held to standards less stringent than formal pleadings drafted by attorneys." Ambrose v. Roeckeman, 749 F.3d 615, 619 (7th Cir. 2014). Here, one of the litigants was proceeding *pro se* and was entitled to the benefit of the doubt until it became clear that Plaintiffs' claims were barred by *Rooker-Feldman*. Should Plaintiffs continue to assert meritless claims from this point forward, the imposition of sanctions likely would be more appropriate. However, at this stage and for these reasons, the Court concludes that sanctions are not appropriate in this matter and denies Defendants' motion for sanctions [37]. This civil case is terminated.

Dated: June 13, 2014

_____
Robert M. Dow, Jr.
United States District Judge